UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY and SAFECO INSURANCE CO., | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 3:10-cv-00868 (JCH) |
| v. | : : | |
| BROAN-NUTONE LLC and JAKEL MOTORS INCORPORATED | : : : : | |
| Defendants. | : | OCTOBER 29, 2010 |

## JOINT STATUS REPORT OF COUNSEL

Pursuant to the Court's Scheduling Order Regarding Case Management Plan (Dkt. 18), counsel for plaintiffs Peerless Insurance Company ("Peerless") and Safeco Insurance Company ("Safeco") and counsel for defendants Broan-NuTone LLC ("Broan-NuTone") and Jakel Motors Incorporated ("Jakel"), parties in the above-captioned matter, hereby submit this joint status report.

I. **STATUS OF DISCOVERY**

A. Plaintiffs' Written Discovery Responses

Plaintiffs Peerless and Safeco served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 24, 2010. On August 11, 2010, the defendants issued interrogatories and requests for production directed to both plaintiffs. On October 11,

2010, plaintiffs Peerless and Safeco served objections and responses to the defendants' discovery requests. Plaintiffs Peerless and Safeco have produced documents from their claim files pursuant to Plaintiffs' Fed. R. Civ. P. 26(a)(1) Disclosures. However, Plaintiffs are endeavoring to determine if there are additional claim file documents, including additional claim file notes, adjusters' logs, and photographs. If any additional documents or photographs are identified, Plaintiffs will produce copies of all discoverable documents and photographs, and any documents or photographs redacted and/or withheld from production will be identified on a privilege log with an indication of the basis for the redaction or withholding of same.

B.   Defendants' Written Discovery Responses

Defendants Broan-NuTone and Jakel served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on September 24, 2010. On August 3, 2010, the plaintiffs issued interrogatories and requests for production directed to both defendants. On October 4, 2010, defendant Broan-NuTone served objections and responses to plaintiffs' discovery requests. Broan-NuTone produced documents to the plaintiffs on October 22, 2010. Because the fan motor in question has not been positively identified, defendant Jakel is not yet in a position to respond to the plaintiffs' discovery requests. At this time, the parties have scheduled an inspection of the motor and other physical evidence for November 12, 2010. Based upon the foregoing situation, the Court has granted Jakel an extension until December 1, 2010, to respond to the plaintiffs' discovery requests (Dkt. 26).

### C. Other Discovery Issues and Deadlines

No depositions have been taken to date. Under the current scheduling order, all discovery is scheduled to conclude by June 1, 2011, with the following interim deadlines in place: plaintiffs' damages analysis and expert disclosures by January 11, 2011; depositions of plaintiffs' disclosed experts by February 15, 2011; disclosures of defendants' experts by April 1, 2011; and depositions of defendants' experts by May 1, 2011.

As noted above, objections and responses to written discovery requests have been served within the last three weeks by plaintiff Peerless, plaintiff Safeco, and defendant Broan-NuTone, with defendant Jakel currently due to provide its objections and responses to written discovery by December 1, 2010. The Court's Scheduling Order Regarding Case Management Plan contains a provision that "[a]ny motion for an order compelling disclosure or discovery … must be filed within 30 days after the due date of the response." Counsel understand this provision to be intended primarily to address those situations in which responses to discovery have not been timely provided, not situations in which the parties are actively attempting to resolve potential discovery disputes without the necessity of involving the Court.

To that end, counsel for Plaintiffs and Broan-NuTone conducted a conference on October 28 and October 29, 2010, to discuss certain disputed issues identified by Broan-NuTone's discovery objections. The parties believe that they have now reached an acceptable compromise of these discovery disputes, and that no intervention by the Court will be needed, except only to the extent that any problem may develop with respect to performance of the compromise agreement.

Accordingly, no Motion to Compel is contemplated at this time. However, if the Court prefers that the parties formally request additional time to file a Motion to Compel in the event of any problem developing, the parties are prepared to submit a joint motion to that effect.

II. **AMENDMENTS TO PLEADINGS**

The parties do not have a present need to amend their pleadings. Because the statutes of limitations potentially applicable to any other claims that might arise from the same fire event will not run for some time, however, the parties wish to reserve their respective rights to move for leave to amend pleadings or to join new parties, as the case may be, in the event that new information is discovered regarding claims by any other parties concerning the same event. The parties understand that any motion to amend pleadings or join parties filed after the deadlines set by the Court will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

III. **DISPOSITIVE MOTIONS**

At this time, the parties do not anticipate filing dispositive motions addressed to the pleadings pursuant to Fed. R. Civ. P. 12. Because fact discovery is in its early stages and expert discovery has not yet commenced, the parties are not yet in a position to ascertain whether any motions for summary judgment will be filed. Under the current scheduling order, the deadline to file dispositive motions is June 1, 2011.

| PLAINTIFFS – PEERLESS INSURANCE COMPANY and SAFECO INSURANCE CO. | DEFENDANTS – BROAN-NUTONE LLC and JAKEL MOTORS INCORPORATED |
|---|---|
| By  /s/ Daniel C. Theveny<br>    Daniel C. Theveny – PHV<br>    Stuart G. Blackburn – ct00686<br><br>Daniel C. Theveny, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, Pennsylvania 19103<br>Telephone:  (866) 240-3638<br>Facsimile:  (866) 240-3638<br><br>Stuart G. Blackburn, Esq.<br>Law Offices of Stuart G. Blackburn<br>Two Concorde Way, P.O. Box 608<br>Windsor Locks, Connecticut  06096<br>Telephone:  (860) 292-1116<br>Facsimile:  (860) 292-1221<br>Their Attorneys | By  /s/ George A. Dagon, Jr.<br>    George A. Dagon, Jr. – ct06599<br>    Christopher R. Drake – ct27477<br><br>George A. Dagon, Jr., Esq.<br>Christopher R. Drake, Esq.<br>Murtha Cullina LLP<br>CityPlace I - 185 Asylum Street<br>Hartford, Connecticut 06103-3469<br>Telephone:  (860) 240-6000<br>Facsimile:   (860) 240-6150<br>Their Attorneys |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2010, a copy of the foregoing Joint Status Report of Counsel was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s/ George A. Dagon, Jr.
George A. Dagon, Jr. – ct06599