## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY and SAFECO INSURANCE CO., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 3:10-cv-00868 (JCH) |
| v. | : : | |
| BROAN-NUTONE LLC and JAKEL MOTORS INCORPORATED | : : : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION, AND MEMORANDUM OF LAW IN SUPPORT THEREOF, TO STRIKE THE TESTIMONY OF DEFENDANTS' PROPOSED EXPERTS CRAIG W. HUDSON AND CARL M. MAUCIONE

Plaintiffs, Peerless Insurance Company and Safeco Insurance Company ("Plaintiffs"), through their undersigned counsel, hereby move to Strike the Testimony of Defendants' Proposed Experts Craig W. Hudson and Carl M. Maucione ("Motion to Strike"). In support thereof, Plaintiffs aver as follows:

## I.     FACTUAL BACKGROUND

Plaintiffs initiated this action to recover damages they incurred as a result of a March 28, 2009 fire ("the fire") caused by a defective ceiling fan ("the subject fan") at 2 Toelles Road, Wallingford, Connecticut ("the scene of the fire"). The subject fan was manufactured by Defendant Broan-Nutone, LLC ("Broan"). The electrical motor in the subject fan was supplied to Broan by Defendant Jakel Motors Incorporated ("Jakel"). Defendants have identified Craig W. Hudson and Carl M. Maucione as proposed experts in this matter. The Court should refused to accept either as an expert witness, however, due to the fact that both failed to subject their

Oral argument not requested

methods, and the conclusions generated by those methods, to any type of peer review.

Accordingly, Plaintiffs hereby move to strike Defendants' proposed experts.

## II.  **MEMORANDUM OF LAW**

Neither Hudson nor Maucione should be permitted to testify as an expert witness in this matter.  Each failed to subject their methods and conclusions to any form of peer review whatsoever, rendering those methods and conclusions too unreliable to form the basis of expert opinion testimony.

A district court's analysis of whether to admit expert testimony is guided by Federal Rules of Evidence 702, 703, and 403.  Equal Employment Opportunity Comm'n v. Beauty Enter., Inc., 361 F. Supp. 2d 11, 14 (D. Conn. 2005).  The United States Supreme Court has explained that, under Rule 702, a district court is "charged with the task of ensuring that an expert's testimony both *rests on a reliable foundation* and is relevant to the task at hand." Id. (emphasis added) (quoting Daubert v. Merrell Dow Pharms., 509 U.S. 579, 597 (1993)) (internal quotation marks omitted).  It is the party seeking to qualify a witness as an expert that must demonstrate "the scientific validity of the research supporting the conclusions" reached by the expert.  Equal Employment, 361 F. Supp. 2d at 14.  Defendants have failed to do so here.

In Daubert, the Supreme Court identified factors that direct a court's inquiry into "whether an expert's reasoning or methodology is reliable." Travelers Prop. & Cas. Corp. v. Gen. Elec. Co., 150 F. Supp. 2d 360, 363 (D. Conn. 2001) (citing Daubert, 509 U.S. at 593-94). Those factors include: (1) whether the theory of technique on which the expert relies has been tested; (2) whether the expert's theory or technique has been subject to peer review and publication; (3) the known or potential rate of error; (4) the existence of standards controlling the technique's operation; and (5) whether the theory has been generally accepted by the scientific

community. Daubert, 509 U.S. at 593-94.  When applying these factors, a court's overriding

focus must be on "whether [an expert's] conclusions were generated by a reliable methodology."

Travelers, 150 F. Supp. 2d at 363.  Peer review is fundamental to ensuring a methodology's

reliability.

   The first two factors identified above are central to Plaintiffs' instant motion.  Those

factors focus on whether an expert's theory has been tested and/or subject to peer review and

publication.  See Daubert, 509 U.S. at 593-94.  Courts in the Second Circuit have recognized that

"the absence of [peer] review or acceptance *is often indicative of the unreliability of an expert's*

*opinion.*" Seneca Meadows, Inc. v. ECI Liquidating, Inc., 427 F. Supp. 2d 279, 304 (W.D.N.Y.

2006).  That is, courts recognize "peer review and publication of an expert's technique enhance

its reliability . . . ." Aktiebolag v. Andrx Pharm., Inc., 222 F. Supp. 2d 423, 489 (S.D.N.Y.

2002).  Applying these principles, the Second Circuit has held an expert's testimony is properly

excluded when there is "no evidence that the [expert's] theory ha[s] been tested or subjected to

peer review," and when the expert failed to identify a known error rate for the theory. Wills v.

Amerada Hess Corp., 379 F.3d 32, 49 (2d Cir. 2004).  Here both Hudson and Maucione openly

admitted in their respective depositions that they made no effort to subject their theories or

methods to any form of peer review.

   At his deposition, Hudson affirmed that he did not consult with any other representatives

or experts in his field in connection with his opinions in this matter. Dep. of Craig W. Hudson,

Jul. 28, 2011, attached hereto as Exhibit A, at 21:10-14.  Nor did Hudson submit his methods or

opinions to any professional publications or trade journals to verify the reliability of his opinions.

Id. at 24:25-25:4.  In sum, Hudson made no attempt whatsoever to ensure the reliability of his

findings through peer review.  As such, Hudson's methodology and resultant conclusions have

not been examined by objective third-parties or subjected to any form of peer review.  There is, then, no way of ensuring that Hudson's methodology, and his opinions based on that methodology, are reliable.  See Wills, 379 F.3d at 49 (explaining exclusion of proposed expert testimony is within court's discretion when expert fails to subject methods to peer review).  Accordingly, Hudson's proposed testimony fails to meet the standards articulated in Daubert and Hudson may not be qualified as an expert in this matter.

Maucione also testified he did not share any of his findings with his colleagues for purposes of peer review.  Maucione Dep., attached hereto as Exhibit B, at 24:22-25.  As such, for the reasons discussed above, Maucione's proposed testimony lacks any indicia of reliability and must be excluded as well.  Simply, without affirmation from independent, objective colleagues that the methodologies employed, and opinions produced, by Hudson and Maucione are reliable, the conclusions arrived at by each cannot form the basis of expert opinion testimony.

## III.   CONCLUSION

In Daubert, the United States Supreme Court identified whether an expert has subjected their methodology to peer review as a fundamental criterion in determining whether that expert's testimony is reliable.  Here, neither of Defendants' proposed experts subjected their methods or conclusions to peer review.  As such, there is no way to ensure those methods and conclusions are sufficiently reliable to form the basis of expert opinion testimony.  Accordingly, Plaintiffs' respectfully request the Court preclude Craig W. Hudson and Carl M. Maucione from testifying as expert witnesses in this matter.

Dated: September 30, 2011

4

Respectfully submitted,

By  /s/ Daniel C. Theveny
Daniel C. Theveny – PHV
Stuart G. Blackburn – ct00686

Daniel C. Theveny, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (866) 240-3638
Facsimile:  (866) 240-3638

Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way, P.O. Box 608
Windsor Locks, Connecticut  06096
Telephone:  (860) 292-1116
Facsimile:  (860) 292-1221

PHILADELPHIA\6204366\1  274016.000